**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4032**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GEORGE THOMAS POTTS, JR.,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:12-cr-00237-TDS-1)

———————

Submitted: July 5, 2013        Decided: July 17, 2013

———————

Before SHEDD, KEENAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Jr., First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Thomas Potts, Jr., pled guilty pursuant to a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). The district court determined that Potts was an armed career criminal, calculated his Guidelines range under the U.S. Sentencing Guidelines Manual (2011) at 180 to 188 months' imprisonment, and sentenced him to 180 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court reversibly erred in accepting Potts' guilty plea and abused its discretion in imposing sentence. Potts has filed a pro se supplemental brief. The Government declined to file a brief. We affirm.

Because Potts did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error only. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To demonstrate plain error, a defendant must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by

showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

Our review of the transcript of the guilty plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Potts' guilty plea and that the court's omission did not affect Potts' substantial rights. Critically, the transcript reveals that the district ensured the plea was supported by an independent basis in fact and that Potts entered the plea knowingly and voluntarily with an understanding of the consequences. United States v. DeFusco, 949 F.2d 114, 116, 120 (4th Cir. 1991). Accordingly, we discern no plain error in the district court's acceptance of Potts' guilty plea.

Turning to Potts' 180-month sentence, we review it for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2006) factors, selected a sentence based on

3

clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51. If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. If the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

In this case, the district court correctly determined that Potts was an armed career criminal, correctly calculated and considered the advisory Guidelines range, heard argument from counsel, and gave Potts the opportunity to allocute. The court explained that the within-Guideline sentence of 180 months' imprisonment was warranted in light of the nature and circumstances of Potts' offense, his history and characteristics, and the need for the sentence to afford adequate deterrence to criminal conduct. Neither counsel nor Potts offers any grounds to rebut the presumption on appeal that the within-Guidelines sentence is substantively reasonable.

4

Accordingly, we conclude that the district court did not abuse its discretion in sentencing Potts.

Finally, in accordance with Anders, we have reviewed the issues raised in Potts' pro se supplemental brief and the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Potts, in writing, of the right to petition the Supreme Court of the United States for further review. If Potts requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Potts.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5